PHILLIP A. TALBERT
United States Attorney
JEFFREY J. LODGE
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Email: jeffrey.lodge@usdoj.gov

Attorneys for the United States Department of Education

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SAMANTHA LYNN SELMA,<br><br>          Debtor, | Case No. 23-11537-B-7<br>Chapter 7 |
| SAMANTHA LYNN SELMA,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION et al.,<br><br>          Defendants. | Adv. Proceeding No. 23-01043<br><br>**STIPULATION FOR DISCHARGEABILITY OF STUDENT LOAN DEBT** |

      Plaintiff Samantha Lynn Selma ("Plaintiff") and the United States Department of Education ("Education"), by and through their respective counsel, hereby agree and stipulate to the following:

      **WHEREAS** the Plaintiff commenced the above-captioned adversary proceeding ("Adversary Proceeding") against the United States Department of Education ("Defendant" or "Education," and together with the Plaintiff, the "Parties"); and

      **WHEREAS** the Plaintiff seeks to discharge, pursuant to 11 U.S.C. § 523(a)(8), by Complaint, Dkt. 1, certain student loan debt (including all principal balance, all interest and penalties

STIPULATION FOR DISCHARGEABILITY
OF STUDENT LOAN DEBT                                                                  1

as of the date of entry of Judgment in this case) incurred by the Plaintiff from Education (hereinafter described as "Student Loan Debt"). See Exhibit "A" for loan amounts, loan type, loan date & principal of the Student Loan Debt owed by Plaintiff Selma to Defendant Education; and

      **WHEREAS** the Plaintiff submitted to Education an Attestation in Support of Request for Stipulation Conceding Dischargeability of Student Loans ("Attestation") pursuant to the Guidance for Department Attorneys Regarding Student Loan Bankruptcy Litigation; and

      **WHEREAS** the Parties desire to amicably resolve the matters at issue in the Adversary Proceeding and, therefore, have agreed to enter this stipulation to discharge the Student Loan Debt.

      **IT IS STIPULATED AND AGREED**, by and between Plaintiff and Education, as follows:

      1.     After reviewing the Attestation, Education agrees that the Court should discharge the Student Loan Debt pursuant to 11 U.S.C. § 523(a)(8); and

      2.     Except for the discharge of the Student Loan Debt as described herein, Plaintiff shall release all existing and future claims arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action. Plaintiff's undersigned attorney represents that he has explained, and Plaintiff warrants and represents that she intends that this agreement shall release all existing and future claims arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action, including claims that Plaintiff does not know or suspect to exist in their favor and which would have materially affected this settlement if known, notwithstanding Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

      3.     Each party to the action will bear responsibility for its own costs and attorney's fees in this matter.

      4.     This stipulation is intended to resolve all claims arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action and the case, including claims against other named Defendants, and the entire case should be dismissed with prejudice. Upon entry of an

STIPULATION FOR DISCHARGEABILITY
OF STUDENT LOAN DEBT

order from the Court approving the stipulation and entry of a discharge judgment pursuant to this stipulation, the Parties request that all remaining matters be removed from calendar.

IT IS SO STIPULATED.

Dated: February 5, 2024

Respectfully submitted,

PHILLIP A. TALBERT
Acting United States Attorney

By: /s/Jeffrey J. Lodge
Jeffrey J. Lodge
Assistant U.S. Attorney
Attorneys for the United States

Dated: February 8, 2024

Law Office of Jeffrey D. Rowe

By: _____
Jeffrey D. Rowe
Attorneys for Plaintiff

STIPULATION FOR DISCHARGEABILITY
OF STUDENT LOAN DEBT

3

# EXHIBIT "A"

In re:
Samantha Lynn Selma

Bankruptcy Case Number 23-11537-B-7
Adversary No. 23-01043

| Loan # | Loan Holder Name | Loan Date | Loan Amount | Loan Type | Loan Status | Principal |
|---|---|---|---|---|---|---|
| 11 | AidVantage | 2015-08-15 | $2,750.00 | DIRECT STAFF | All loans In Repayment | $2,792.00 |
| 10 | All Loans | 2015-08-15 | $1,000.00 | DIRECT STAFF | | $1,052.00 |
| 9 | " " | 2014-08-27 | $5,500.00 | DIRECT STAFF | " " | $5,593.00 |
| 8 | | 2014-08-27 | $2,000.00 | DIRECT STAFF | | $2,188.00 |
| 7 | | 2013-08-14 | $3,905.00 | DIRECT STAFF | | $4,036.00 |
| 6 | | 2013-08-14 | $2,595.00 | DIRECT STAFF | | $2,900.00 |
| 5 | | 2013-01-07 | $609.00 | DIRECT STAFF | | $770.00 |
| 4 | | 2012-08-22 | $2,891.00 | DIRECT STAFF | | $2,976.00 |
| 3 | | 2012-08-22 | $2,000.00 | DIRECT STAFF | | $2,563.00 |
| 2 | | 2011-08-17 | $1,988.00 | DIRECT STAFF | | $2,679.00 |
| 1 | | 2011-08-17 | $1,955.00 | DIRECT STAFF | | $1,979.00 |